**AFFIRMED and Opinion Filed August 29, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-24-00071-CV

**IN THE MATTER OF A.A., JR., A Juvenile**

**On Appeal from the 451st Judicial District Court**
**Kendall County, Texas**
**Trial Court Cause No. 22-001-JV**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Goldstein

A.A., Jr. appeals the trial court's order transferring him from the Texas Juvenile Justice Department (TJJD) to the Texas Department of Criminal Justice (TDCJ).[1] A.A. was adjudicated delinquent after entering a plea of true on one count of aggravated robbery and was given a twenty-year determinate sentence, with the possibility of a transfer to TDCJ. Before A.A. turned nineteen, the trial court conducted an evidentiary hearing to determine whether A.A. should be transferred to TDCJ to serve the remainder of his sentence. Following the hearing, the trial

---

[1] The Texas Supreme Court transferred this appeal from the Fourth Court of Appeals. *See* Misc. Docket No. 23-9109 (Tex. Dec.5, 2023) (docket equalization order). Accordingly, we apply the Fourth Court of Appeals' precedent to the extent required by Texas Rule of Appellate Procedure 41.3.

court ordered A.A. to be transferred. A.A.'s trial counsel filed a notice of appeal on A.A.'s behalf and his appointed appellate counsel has since filed a brief, stating that in his professional opinion the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

*Anders* procedures are appropriate in appeals from juvenile transfer hearings. *See In Re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding) (Because *Anders* protects juveniles' statutory right to counsel on appeal, we hold the procedures enumerated in *Anders* apply to juvenile appeals); *Matter of C.S.*, No. 05-23-00951-CV, 2024 WL 2075841, at * 1 (Tex. App—Dallas May 9, 2024, no pet.) (mem. op.) (applying *Anders* procedures in appeal from juvenile transfer order); *In re R.M., III*, No. 13-09-00316-CV, 2010 WL 467414, at *1 (Tex. App—Corpus Christi–Edinburg Feb. 11, 2010, no pet.) (mem. op.) (same); *In re T.H.*, 2001 WL 246816, at * 1 (Tex. App—San Antonio Mar. 14, 2001, no pet.) (same). An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). Under the *Anders* procedure, if appointed counsel finds the appeal frivolous, counsel must file a brief explaining why the appeal lacks merit. *Anders*, 386 U.S. 744-45; *Schulman*, 252 S.W.3d at 407; *D.A.S.*, 973 S.W.2d at 297.

We provided A.A. with a copy of the *Anders* brief and advised him of his right to examine the record and file his own response.[2]  To date, A.A. has not requested the record nor has he filed a response.

In his brief, A.A.'s counsel demonstrated that he reviewed the record and concluded the appeal was without merit and frivolous.  *See Anders*, 386 U.S. at 744. He states that in his professional opinion no arguable grounds for reversal exist and that any appeal would therefore lack merit.  *See id*.  Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal.  *See id*.; *Schulman*, 252 S.W.3d at 406–07.  We have independently reviewed the record and counsel's brief, and we agree the appeal is frivolous and without merit.

Counsel also filed a motion to withdraw as appellate counsel.  A court-appointed attorney's duties to a client in a juvenile case continue through the filing of a petition for review, and a motion to withdraw may be premature unless good cause is shown.  *See Matter of T.M*., 583 S.W.3d 836, 838 (Tex. App.—Dallas 2019, no pet.) (extending *In re P.M*., 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) to *Anders* appeals in juvenile cases); *Matter of K.A.E*., 647 S.W.3d 791, 792 (Tex. App.—San Antonio 2022, no pet.) (same); *In re A.H*., 530 S.W.3d 715, 717 (Tex. App.—Fort Worth 2017, no pet.) (same).  Counsel has not shown good cause for withdrawing

---

[2] A.A.. is over the age of eighteen and able to file a pro se response in this appeal.

from his representation of A.A., and, as a result, his obligations have not been discharged. *See T.M.*, 583 S.W.3d at 838. If A.A., after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See P.M.*, 520 S.W.3d at 27–28. Accordingly, we deny counsel's request to withdraw.

We affirm the trial court's transfer order.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

240071F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

IN THE MATTER OF A. A., JR.,
Appellant

No. 05-24-00071-CV

On Appeal from the 451st Judicial
District Court, Kendall County,
Texas
Trial Court Cause No. 22-001-JV.
Opinion delivered by Justice
Goldstein. Justices Reichek and
Garcia participating.

In accordance with this Court's opinion of this date, the trial court's transfer order is **AFFIRMED**.

Judgment entered August 29, 2024